**Roger L. HUEBER, Plaintiff–Appellant,**

v.

**Patricia McCUNE, Detective Niagara Falls City Police, et al., Defendants–Appellees.**

**No. 14–2160–cv.**

United States Court of Appeals, Second Circuit.

Dec. 23, 2014.

Roger L. Hueber, pro se, Niagara Falls, NY, for Plaintiff-Appellant.

Thomas M. O'Donnell, Deputy Corporation Counsel, City of Niagara Falls Law Department, for Craig H. Johnson, Corporation Counsel, Niagara Falls, NY, for Defendants–Appellees McCune, City of Niagara Falls.

Charles E. Graney, Webster Szanyi LLP, Buffalo, NY, for Defendants–Appellees Wick, Perkins, County of Niagara.

PRESENT: GUIDO CALABRESI, BARRINGTON D. PARKER, DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

We review *de novo* a district court's grant of a motion to dismiss, including legal conclusions concerning the court's "interpretation and application of a statute of limitations." *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.,* 637 F.3d 169, 173 (2d Cir.2011). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see*

also *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft,* 556 U.S. at 678, 129 S.Ct. 1937.

An independent review of the record and relevant case law reveals no error in the district court's dismissal of Hueber's complaint. *See Hueber v. McCune,* No. 14–CV–00049–A, 2014 WL 2047763, at *2–8 (W.D.N.Y. May 19, 2014). We therefore affirm substantially for the reasons set forth by the district court in its thorough and well-reasoned decision. Moreover, Hueber's argument that he did not know of his constitutional injury until the district court granted his suppression motion is without merit, since this knowledge requirement "does not suggest that the statute does not begin to run until the claimant has received judicial verification that the defendants' acts were wrongful." *Veal v. Geraci,* 23 F.3d 722, 724 (2d Cir.1994).

We have considered Hueber's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.